[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15747
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00091-JES-DNF-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTOS DAMIAN ARGUETA-ZALDIVAR,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 6, 2013)

Before DUBINA, Chief Judge, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Appellant Santos Damian Argueta-Zaldivar appeals his sentence of 84

months' imprisonment, imposed, by the district court, after he pleaded guilty to

illegally re-entering the United States after having been deported following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Argueta-Zaldivar argues that his sentence is both procedurally and substantively unreasonable. The government responds in relevant part that, because Argueta-Zaldivar did not object to the procedural reasonableness of his sentence before the district court, we should review for plain error.

## I.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). The party challenging the sentence has the burden of establishing that the sentence is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error, such as failing to calculate or improperly calculating the guideline range. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. We also ensure that the district court treated the Sentencing Guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Id.* While a sentencing court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each factor, it should set forth enough to satisfy the appellate court that it has considered the

2

parties' arguments and has a reasoned basis for exercising its legal decision-making authority. *See United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) (citation omitted). The court's acknowledgment that it has considered the § 3553(a) factors together with the parties' arguments is sufficient. *Talley*, 431 F.3d at 786. The appropriateness of brevity or length of a district court's reasons for accepting or rejecting an argument depends upon the circumstances and leaves much to the court's own professional judgment. *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468, 168 L. Ed. 2d 203 (2007). Where the context and the record make clear that the court listened to each argument and found the circumstances insufficient to warrant a sentence lower than it imposed, extensive explanation is not required. *See id.* at 358-59, 127 S. Ct. at 2469.

## II.

If we determine that a sentence is procedurally sound, we examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The district court is required to impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). We ordinarily expect a sentence

3

within the guideline range to be reasonable. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). A sentence imposed well below the statutory maximum is another indicator of a reasonable sentence. *See id*. The "weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (internal quotation marks omitted). We will reverse only if left with the "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (internal quotation marks omitted). We review on appeal for plain error assignments of error not raised in the district court. *See United States v. Rodriguez*, 627 F.3d 1372, 1380 (11th Cir. 2010).

## III.

Here, we conclude from the record that the district court committed no procedural error, plain or otherwise. The court properly calculated Argueta-Zaldivar's guideline range, based the sentence on undisputed facts set forth in his presentence investigation report, and provided a minimally adequate explanation for the chosen sentence. *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Although the court did not explicitly state that it treated the Guidelines as advisory, there is no

4

indication that it did otherwise. *See id.* The court's statement that it considered the § 3553(a) factors—which include the Guidelines—was sufficient to demonstrate that it in fact did so. *See* 18 U.S.C. § 3553(a)(4)(A); *Talley*, 431 F.3d at 786. The court also stated that it "fe[lt] sympathy for" Argueta-Zaldivar's handicap (one of his arms was amputated below the elbow)—which indicates that it considered his arguments in mitigation. *See Agbai*, 497 F.3d at 1230; *Talley*, 431 F.3d at 786. While not required to address each of the § 3553(a) factors individually, the court also specifically discussed Argueta-Zaldivar's criminal history and the nature of his prior convictions. *See Id.* Extensive explanation was not required here, where the context and the record show that the court listened to each argument and concluded that the circumstances supported the sentence imposed. *See Rita*, 551 U.S. at 358-59, 127 S. Ct. at 2469.

## IV.

We also conclude from the record that Argueta-Zaldivar has not met his burden of establishing that his sentence is substantively unreasonable. *See Irey*, 612 F.3d at 1190; *Talley*, 431 F.3d at 788. Because Argueta-Zaldivar's 84-month sentence was within his guideline range of 77 to 96 months, we ordinarily would expect it to be reasonable. *See Gonzalez*, 550 F.3d at 1324. His sentence is also well below the statutory maximum of 20 years' imprisonment, which is yet another indicator of its reasonableness. *See id.*; *see also* 8 U.S.C. § 1326(b)(2). He had an

5

extensive criminal history and had repeatedly returned to the United States after having been deported.  He has cited no authority for his suggestion that his physical handicap, his seizures, or his substance-abuse problems render his within-guideline sentence unreasonable.  Argueta-Zaldivar's sentence met the goals listed in § 3553(a), as his previous sentences of imprisonment had failed to deter him, protect the public from his criminal conduct, or promote respect for the law.  *See* 18 U.S.C. § 3553(a)(2).

For the above-stated reasons, we affirm Argueta-Zaldivar's sentence.

**AFFIRMED.**